Osborne v. Royer.

---

OSBORNE *v.* ROYER *et als.*

VENDOR's LIEN. *Agreement in note.* An agreement, embodied in a note for land, which constitutes the note a lien on the land by a sufficient description to identify it, is such an equitable lien between the parties as will pass with the note.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

C. E. DORSER for complainant.

JOHN ALLISON, JR., for defendants.

COOPER, J., delivered the opinion of the court.

On the 13th of December, 1872, James M. Osborne, holding the title-bond of Hugh A. Crawford to a tract of land, sold the land to W. B. F. Royer transferring to him the title-bond, whereupon Royer, on the same day, delivered the title-bond to Crawford, and received from him a deed to the land. In consideration of the purchase from Osborne, Royer executed to him his two notes of that date, at one and two years with interest, each for $600, and containing on its face the following recital: "And it is expressly understood and agreed that the note shall constitute a lien on a certain tract of land this day sold to me by said Osborne, and conveyed by deed, of even date with this note, by Hugh A. Crawford to myself. For a full and particular description of said land, reference is hereby made to said deed." The bill was filed by Osborne to enforce the vendor's lien for the balance due on one of the notes, S. J. Kirkpatrick being made a defendant as holder of the other note. Kirkpatrick filed a cross-bill to enforce the lien reserved on the face of his note. On final hearing, the Chancellor gave to Osborne and Kirkpatrick each a decree for the amount due upon his note against Royer, and ordered the land to be sold in satisfaction thereof. Royer appealed.

So far as Osborne is concerned, the vendor's equity is sufficient to entitle him to relief as against his

vendee, notwithstanding the passage of the legal title to the latter by the deed of Crawford. But this equitable lien, it has been held, does not pass to an assignee of the purchase note: *Gann* v. *Chester*, 5 Yer., 205. Kirkpatrick must, therefore, rely upon the recital in the note as an equitable mortgage between the parties, as it clearly is in terms and according to *Eskridge* v. *McClure*, 2 Yer., 84. There is a *dictum* of McKinney, J., in *Gilliam* v. *Esselman*, 5 Sneed, 86, that a recital in a note given for land "that the land should stand bound for the payment of the purchase money," would be "simply nugatory." In that particular case, the sale of the land was by executors, who executed a title-bond only, reserving the legal title, which was in the heirs, until the debt was paid. The recital in the note was "nugatory" for the purpose of a lien, which was already secured by the retention of the legal title, and because it contained no description of or reference to the land so as to fix a lien. In the case before us, the clause creating the lien fully identifies the land, and contains all the essentials of an equitable mortgage. The appeal is only for delay so far as the original bill is concerned, and there is not sufficient doubt as to Kirkpatrick's equity to require argument.

Affirm the decree, with costs.